IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRED M. NIELL,
    *Plaintiff*,

v.

SALISBURY SCHOOL, INC.,
    *Defendant*.

Civil Action No. ELH-11-3627

**MEMORANDUM OPINION**

Fred M. Niell, plaintiff, filed a Complaint (ECF 1) against his former employer, Salisbury School, Inc., defendant, asserting a single count of common law breach of contract. Plaintiff asserts that this Court possesses subject matter jurisdiction on the basis of diversity. *See* 28 U.S.C. § 1332(a). However, the factual allegations of the Complaint do not clearly establish that the parties' citizenship is diverse. Therefore, before issuance of a summons for defendant, the Court, *sua sponte*, issued an Order dated December 19, 2011 (ECF 3), directing plaintiff's counsel to file a statement clarifying the citizenship of the parties and, if appropriate, an amended complaint clearly alleging facts supporting the assertion of diversity jurisdiction. In response, plaintiff's counsel submitted a "statement as to citizenship of the parties" ("Statement") (ECF 4).

For the reasons that follow, I cannot conclude that the requirements of diversity jurisdiction are satisfied. Accordingly, plaintiff's Complaint will be dismissed, without prejudice, for lack of subject matter jurisdiction.

**Discussion**

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They

"have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181, 1193 (2010).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 130 S. Ct. at 1194; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Plaintiff alleges subject matter jurisdiction on the basis of diversity of citizenship. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff seeks damages in the amount of $350,000, *see* Complaint ¶ 29, which satisfies the amount-in-controversy requirement. However, my concern centers on whether the citizenship of the parties is diverse.

"From the beginning of the diversity jurisdiction, the rule in actions commenced by plaintiffs in federal court has been that the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989). In *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d

288, 290 (4th Cir. 1999), the Court explained: "Because diversity jurisdiction depends on the citizenship status of the parties at the time an action commences, we must focus our jurisdictional inquiry solely on that time."

Defendant is a "Maryland non-stock corporation" that "owns and operates a private school" located in Salisbury, Maryland. *Id.* ¶ 4. For purposes of diversity, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has made clear that a corporation's principal place of business is the place where "the corporation's high level officers direct, control, and coordinate the corporation's activities[, which is] often metaphorically called . . . the corporation's 'nerve center,'" and "will typically be found at [the] corporation's headquarters." *Hertz, supra*, 130 S. Ct. at 1186; *accord Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 104-07 (4th Cir. 2011). In his Statement, plaintiff clarified that defendant's "entire physical plant, including all administrative offices, is located" in Salisbury, Maryland.[1] Therefore, I am satisfied that defendant is a Maryland citizen.

Turning to the plaintiff, the Complaint asserts that plaintiff is an individual who "now resides and works in Beijing, China." Complaint ¶ 3. At some unspecified prior time, "[b]efore entering the field of educational administration, Dr. Niell worked for 18 years in sales, marketing and management, including a position as chief financial officer of a chain of successful computer stores in Florida and Alabama and three years as the president of a general business consulting

---

[1] In addition to noting the insufficiency of the allegations as to plaintiff's citizenship, I observed in my Order (ECF 3) that the Complaint's allegations as to defendant's citizenship were also technically deficient. Although the facts alleged in the Complaint strongly imply that the defendant's "nerve center" is in Maryland, the Complaint does not expressly allege defendant's principal place of business. Plaintiff's Statement makes clear, however, that defendant is solely a citizen of Maryland.

firm in Pensacola, Florida." *Id.* ¶ 8. He obtained a master's degree in 1989 from the University of Memphis, and a doctorate in 2004 from Baylor University. *Id.*[2]

In 2007, plaintiff accepted defendant's offer of employment as head of school. *Id.* ¶ 7. As a result, he "moved to Maryland from Texas," and "purchased a home" in Salisbury, Maryland. *Id.* Following plaintiff's termination by defendant in or about December 2008, *see id.* ¶¶ 7, 25, plaintiff "lived at [an address in] Little Rock, Arkansas," until his relocation to China. Complaint ¶ 3.

In response to ECF 3, plaintiff's counsel filed a Statement, as directed, asserting:

> Plaintiff Fred Niell moved to Maryland from Texas in order to take the Head of School position at defendant Salisbury School, and purchased a residence in Salisbury, Maryland, which he still owns and leases. Following the termination of Niell's employment by Salisbury School (the subject matter of this civil action), plaintiff Niell [sic] obtained employment at the Cathedral School in Little Rock, Arkansas. It was during this time that Niell resided at [his address in Little Rock]. After the Cathedral School closed, and before the filing of this civil action, Neill [sic] obtained employment as the executive principal of Beijing No. 2 Middle School in Beijing, China, and moved to Beijing. As an employee in the school system, Neill [sic] is employed by the People's Republic of China. He still resides in Beijing. He has not renounced his United States citizenship, but the conditions of his employment make him subject to rules and regulations of the Chinese government.
>
> Neill [sic] intends to return permanently to the United States at some time in the future, but when this will occur cannot be predicted. When asked to give a permanent address in the United States, Niell['s] response is [an address in] Lexington, Massachusetts . . . , which is his son's residence address. Neill [sic] expects to live in Massachusetts when he returns to the United States, but the possibility that he may have to occupy the home he owns in Salisbury cannot be eliminated.

"[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from

---

[2] I take judicial notice that the University of Memphis is located in Memphis, Tennessee, and Baylor University is located in Waco, Texas. However, plaintiff has alleged no facts to show whether he was a domiciliary or resident of Tennessee or Texas, either at the times he was a student at those institutions or presently.

allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (internal citations omitted). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Rather, an individual is a citizen of the state where the person is domiciled, which "requires physical presence, coupled with an intent to make the State a home." *Id.*

The Supreme Court has said: "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Of significance here, if a party is "a United States citizen," but "has no domicile in any State," that party is "'stateless'" for purposes of diversity jurisdiction. *Id.* The WRIGHT & MILLER treatise explains:

> [F]or diversity purposes a United States citizen normally is considered to be a citizen of the state in which that individual has a legal domicile. Accordingly, it has been held consistently, in a significant number of cases, that a diversity suit may not be maintained under Section 1332(a)(1), by or against a United States citizen who is domiciled in a foreign country and therefore has no state citizenship in this country. Moreover, an American living abroad is not by virtue of that domicile a citizen or subject of the foreign state in which that individual resides so as to permit invocation of the alienage jurisdiction prescribed in [28 U.S.C. §] 1332(a)(2) . . . .

13E WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3621, at 626-29 (2009, 2011 Supp.) ("WRIGHT & MILLER") (internal footnotes omitted); *see also id.* § 3602, at 48-49.

As noted, plaintiff alleges in his Complaint that he currently resides in Beijing, China, and asserts that he is a former resident of Little Rock, Arkansas. He also alleges several other locations in the United States where he has resided at various times, including Maryland, where the defendant enjoys citizenship. But, plaintiff does not allege that he is a citizen of the United

States.  Nor does he allege his domicile.  Accordingly, on its face, the Complaint fails to allege sufficient facts to satisfy diversity jurisdiction.

Furthermore, to the extent that the Complaint does allege jurisdictional facts, they raise the distinct likelihood that diversity jurisdiction is not satisfied.  Although the Complaint does not assert plaintiff's domicile or his nationality, it suggests that plaintiff may be a United States citizen, residing in China, and without a domicile in the United States.  Under the Supreme Court's decision in *Alfonzo-Larrain*, *supra*, 490 U.S. at 828, this would render him "stateless" for purposes of diversity.  Such "'stateless' status destroy[s] complete diversity." *Id.* at 829.  Indeed, "[t]he presence of a single such expatriate party destroys diversity jurisdiction for the entire action." *Whitehead v. Grand Duchy of Luxembourg*, 172 F.3d 46, 1998 WL 957463, at *5 (4th Cir. Sept. 11, 1998) (unreported).

Moreover, the facts proffered in the Statement, recounted above, are insufficient to support diversity jurisdiction.  "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  The "domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973).  "Courts typically take into account a variety of factors indicating the extent of a particular party's ties to the purported domicile." *Garcia Perez v. Santaella*, 364 F.3d 348, 351 (1st Cir. 2004).  These factors include:

> "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and other automobile registration; [and] payment of taxes"

*Id.* (quoting WRIGHT & MILLER, § 3612); *see also McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

The Statement does not allege facts that pertain to most of the foregoing factors. For example, plaintiff has not informed the Court where he is licensed to drive, possesses professional licenses, pays taxes, or is registered to vote. And, to the extent that the Statement does address the factors, it continues to suggest that diversity jurisdiction is lacking. For instance, "current residence" is one factor in determining domicile. Although the Fourth Circuit has emphasized that "allegations of mere residence, standing alone," do not establish domicile, *Axel Johnson*, *supra*, 145 F.3d at 663,[3] it is noteworthy that plaintiff resides in China.

Further, to the extent that ownership of real property is indicative of domicile, the Statement asserts that plaintiff owns real property in Maryland, and adds that "the possibility that he may have to occupy the home he owns in Salisbury cannot be eliminated." It is also noteworthy, in this regard, that a "'domicile once acquired is presumed to continue until it is shown to have been changed.'" *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011) (quoting *Korn v. Korn*, 398 F.2d 689, 691 (3d Cir. 1968), and quoting in turn *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353 (1874)) (internal quotation marks omitted); *accord Hollinger*, 654 F.3d at 571. If plaintiff was and remains domiciled in Maryland, as his prior residence and ownership of real property in this state suggest, diversity would be lacking, because defendant is also a citizen of Maryland.

Plaintiff's assertions that his "son's residence address" in Lexington, Massachusetts is his "permanent address in the United States," and that he "intends to live in Massachusetts when he

---

[3] The Fifth Circuit has applied a presumption whereby "'[e]vidence of a person's place of residence . . . is prima facie proof of his domicile.'" *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). If such a presumption applied, plaintiff's current residence in Beijing, China would place him outside the purview of diversity jurisdiction.

returns to the United States," are unavailing to establish that plaintiff is a domiciliary of Massachusetts. Plaintiff does not contend that he ever has resided in Massachusetts; rather, he states that his son resides there. To reiterate, domicile requires both residence and an intention to remain or return. *See, e.g.*, *Hollinger*, 654 F.3d at 571; *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) ("Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there."). Just as residence, standing alone, is insufficient to establish domicile, so too a person cannot be a domiciliary of a state where he merely has an intention to reside in the future, without ever actually having made his home there.

Most telling, perhaps, is that nowhere in his Statement does plaintiff's counsel assert that plaintiff is domiciled in any particular location. And, although the Court's prior Order expressly stated that the "allegations of the Complaint are insufficient to establish plaintiff's citizenship for diversity purposes," characterized this omission as a "serious jurisdictional pleading defect," and directed plaintiff to file an amended complaint, if appropriate, plaintiff has not filed an amended complaint.

In my view, the content of plaintiff's Statement does not cure the jurisdictional defect in his Complaint, or establish that the citizenship of the parties is diverse. Because plaintiff has failed to carry his burden to establish subject matter jurisdiction, his Complaint will be dismissed, without prejudice. An appropriate Order follows.

Date: January 5, 2012  /s/
Ellen Lipton Hollander
United States District Judge